UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
KENNETH GRAFTON,

                          Petitioner,

                          OPINION & ORDER
                          CV-09-1551

-against-                          F I L E D
                          IN CLERK'S OFFICE
UNITED STATES OF AMERICA,      U.S. DISTRICT COURT E.D.N.Y

                         Respondent.   ★  AUG 2 4 2011  ★
---------------------------------------------------------- X
FEUERSTEIN, J.                        LONG ISLAND OFFICE

On March 30, 2009, *pro se* petitioner Kenneth Grafton ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his sentence, upon his plea of guilty to one (1) count of distribution of fifty (50) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), to a term of imprisonment of one hundred twenty (120) months. For the reasons set forth below, the petition is denied.

I.    Background

On July 27, 2005, Petitioner pled guilty in this Court to one (1) count of distribution of fifty (50) grams or more of cocaine base, i.e., crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Plea Agreement ("Plea") at 1-2. As part of the plea agreement, Petitioner waived his right to appeal "or otherwise challenge the conviction or sentence" in the event that the Court imposed a term of imprisonment below two hundred sixty-two (262) months. Plea Agt. at 3-4.

On March 31, 2008, Petitioner's defense counsel moved pursuant to 18 U.S.C. § 3582 for a sentence below the advisory range of the United States Sentencing Guidelines ("the Guidelines")

1

"based on the disparity with which the guidelines treat crack and powder cocaine." (04-CR-0970, Doc. No. 16).

On April 2, 2008, Petitioner was sentenced to a term of imprisonment of one hundred twenty (120) months, to be followed by a term of supervised release of four (4) years. Petitioner received jail credit of one thousand five hundred twenty-three (1,523) days for the time he served in prison between January 31, 2004 and April 1, 2008, as well as two hundred sixteen (216) hours of good time credit. Habeas Corpus Petition at Exhibit A.

On April 10, 2008, Petitioner filed two (2) *pro se* motions to vacate his sentence, alleging that his Sixth Amendment rights were violated because: (1) (a) this Court's jurisdiction was never established on the record and (b) he was never advised of the basis for this Court's jurisdiction, (04-CR-0970, Doc. No. 17); and (2) there was an inordinate delay between his plea and sentencing, (04-CR-0970, Doc. No. 18). Both motions were rejected by this Court on the basis that Petitioner was represented by counsel and were forwarded to defense counsel. (04-CR-0970, Doc. No. 23).

On July 17, 2008, Petitioner moved *pro se* for the appointment of new counsel, *inter alia*, to pursue his post-conviction applications. (04-CR-0970, Doc. No. 25). By order dated July 28, 2008, Petitioner's motion was summarily denied. (04-CR-0970, Doc. No. 26).

On October 20, 2008, Petitioner filed another *pro se* motion seeking to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) by reducing it "two levels" under the "Crack Amendment," effective November 1, 2007. (04-CR-0970, Doc. No. 27). On October 24, 2008, Petitioner filed a fourth *pro se* motion seeking the appointment of new counsel. (04-CR-0970, Doc. No. 28). By order dated November 5, 2008: (1) Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) was denied on the basis that Petitioner had already received the two (2) level reduction for certain offenses involving crack cocaine set forth in the amendments to the

Guidelines; and (2) Petitioner's motion for the assignment of new counsel was summarily denied. (04-CR-0970, Doc. Nos. 27 and 28).

On November 25, 2008, Petitioner filed a fifth *pro se* motion, in effect, seeking reconsideration of the November 5, 2008 order denying his request for the assignment of new counsel. (04-CR-0970, Doc. No. 32). By order dated December 19, 2008, Petitioner's motion for reconsideration was denied. (04-CR-0970, Doc. No. 33).

On March 30, 2009, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255, seeking to vacate or reduce his sentence on the ground that he received ineffective assistance of counsel because his trial counsel: (1) allowed his sentencing to be delayed, resulting in the loss of good time credit; and (2) allowed him to plead guilty to a crack cocaine charge, as opposed to a powder cocaine charge, after accepting the government's "version of the facts without further inquiry" or investigation regarding the nature of the drug underlying his conviction. Pet. at 5-6.

II.     Discussion

   A.     Legal Standard

A prisoner in custody under sentence of a federal court may move pursuant to 28 U.S.C. § 2255 to "vacate, set aside or correct" a sentence, *inter alia*, "imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a).

   B.     Waiver of Rights

The waiver provision contained in the plea agreement explicitly and unequivocally bars petitioner from asserting a challenge to his sentence either through a direct appeal or a habeas corpus petition pursuant to 28 U.S.C. § 2255. Plea at 3.

A waiver of the right to appeal or otherwise challenge a conviction or sentence contained within a plea agreement is "presumptively enforceable," United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010), cert. denied sub nom Vigil v. United States, 131 S.Ct. 2873, 179 L.Ed.2d 1191 (May 2, 2011), and generally valid and enforceable so long as it was knowingly, voluntarily and competently made. See United States v. Riggi, — F.3d —, 2011 WL 3487021, at * 2 (2d Cir. Aug. 10, 2011); United States v. Morgan, 386 F.3d 376, 382 (2d Cir. 2004); United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004). When a defendant understands that he has the right to appeal and the potential consequences of waiving that right, the waiver is considered to be knowing and voluntary. Morgan, 386 F.3d at 370.

However, a defendant retains his right to challenge "the constitutionality of the process by which he waived th[e] right[] [to appeal or otherwise challenge his conviction or sentence]." United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001); see also Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008); Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002). The Second Circuit has recently reaffirmed that:

> "[A] defendant may have a valid claim that the waiver of appellate rights is unenforceable . . . when [1] the waiver was not made knowingly, voluntarily, and competently, [2] when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, [3] when the government breached the plea agreement, or [4] when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus."

United States v. Buissereth, 638 F.3d 114, 118 (2d Cir. 2011) (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)); see also Riggi, 2011 WL 3487021, at * 2 (holding that an appeal waiver is appropriately voided where there is "[a] violation of a fundamental right," e.g., where the sentence imposed was based upon unconstitutional factors, such as race, naturalized status or the ability to pay restitution, or where the sentencing court "fail[ed] to enunciate any

rationale for the defendant's sentence"). The appropriate inquiry is "whether the sentence 'was reached in a manner that the plea agreement did not anticipate.'" Riggi, 2011 WL 3487021, at * 3 (quoting United States v. Liriano-Blanco, 510 F.3d 168, 174 (2d Cir. 2007)).

Petitioner does not contend: (1) that his sentence was based upon a constitutionally impermissible factor; (2) that the government has breached the plea agreement; or (3) that upon sentencing him, I failed to enunciate any rationale for the sentence. Nor does Petitioner specifically contend that his acceptance of the plea agreement, containing a waiver of his right to appeal and otherwise to challenge his sentence, was not knowingly or voluntarily made. "To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, * * *, because the advice he received from counsel was not within acceptable standards." Parisi, 529 F.3d at 138 (internal quotations and citations omitted); see also Riggi, 2011 WL 3487021, at * 5 (recognizing that an ineffective assistance of counsel claim can survive an appeal waiver where the claim concerns the advice that the defendant received from counsel); United States v. Reap, 391 Fed. Appx. 99, 102 (2d Cir. Aug. 30, 2010), cert. denied, — S.Ct. —, 2011 WL 1884453 (June 20, 2011). Although petitioner alleges that his trial counsel was ineffective for allowing him to plead guilty to a crack cocaine charge, as opposed to a powder cocaine charge, based upon her acceptance of the government's version of the facts and without further inquiry or investigation, that claim does not challenge "the constitutionality of the *process* by which [petitioner] waived [his right to challenge his sentence]," Parisi, 529 F.3d at 138, i.e., his claim does not suggest that the sentence imposed was "reached in a manner that the plea agreement did not anticipate." Riggi, 2011 WL 3487021, at * 3. Petitioner is not alleging, for example, that his trial counsel did not adequately inform him about the considerations relevant to his decision to accept the plea bargain, or that his trial counsel advised him to forego an otherwise valid defense,

5

e.g., speedy trial or statute of limitations, in favor of the plea. Indeed, Petitioner does not point to any valid defenses that would have resulted in the dismissal of the one (1)-count indictment against him that he waived on the advice of his trial counsel. Rather, Petitioner's challenge is based upon a theory that a more thorough investigation by his trial counsel might have changed his "strategic bargaining position" prior to his plea, i.e., it might have revealed that the drug at issue was powder cocaine as opposed to crack cocaine. A challenge to "the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver * * *." Parisi, 529 F.3d at 138-39. As the Second Circuit recognized: "if a purported failure to enhance the defendant's case were sufficient by itself to overcome an appeal waiver, many ineffective assistance claims would be cognizable despite the guilty plea and notwithstanding the waiver." Id. at 139.

Moreover, the other ground upon which Petitioner bases his ineffective assistance of counsel claim, i.e., his claim that appellate counsel was ineffective in allowing an inordinate delay between his plea and sentencing, also does not challenge the constitutionality of the process by which he waived his right to appeal or collaterally attack his sentence. The fact that that claim occurred subsequent to the plea agreement does not preclude enforcement of the waiver of appeal and collateral review provision. See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001) (holding that the defendant's waiver of the right to attack his conviction by petition under Section 2255 applied to grounds that arose after, as well as before, he made the waiver).

Since, *inter alia*, Petitioner signed the plea agreement, indicated on the record that he had read and understood the plea agreement, does not contend that he did not understand the waiver contained in the plea agreement, and pled guilty to the one (1)-count indictment charging him with distribution of fifty (50) grams or more of cocaine base, i.e., crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), his waiver of his right to challenge the sentence imposed on

direct or collateral review was valid and enforceable. See, e.g. Garcia-Santos, 273 F.3d at 508, 509 (finding no error in the district court's determination that the defendant's plea agreement was entered into knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack, and upholding the effectiveness of the defendant's waiver of the right to attack his conviction by petitioner under Section 2255). Accordingly, the petition is dismissed.

C. Ineffective Assistance of Counsel Claims

In any event, Petitioner's ineffective assistance of counsel claims are without merit. In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both: (1) that counsel's representation "fell below an objective standard of reasonableness" measured against "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688-694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that "an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.") A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Knowles v. Mirzayance, 556 U.S.---, 129 S.Ct. 1411, 1422, 173 L.Ed.2d 251 (2009) (quoting Strickland, 466 U.S. at 694).

1. Prejudice Claim

Petitioner cannot establish any prejudice resulting from his trial counsel's alleged ineffectiveness because, *inter alia*, the sentence imposed was below: (a) the statutory maximum of four hundred eighty (480) months, 21 U.S.C. § 841(b)(1)(B); (b) the lower maximum of the

7

advisory Guidelines range, calculated to be one hundred thirty-seven (137) months; and (c) the stipulated maximum of two hundred sixty-two (262) months in the plea agreement. See, e.g. Reap, 391 Fed. Appx. at 101. In addition, the sentence imposed included the two (2) level reduction for certain offenses involving crack cocaine set forth in the amendments to the Guidelines.

Moreover, Petitioner received two hundred sixteen (216) hours of good time credit, a total of fifty-four (54) days per year for the approximate four (4) year period in which he remained incarcerated prior to sentencing. Habeas Corpus Petition at Exhibit A. Thus, Petitioner did not lose any good time credit for the jail time he served while awaiting sentencing.

Since Petitioner cannot demonstrate any prejudice resulting from his trial counsel's alleged ineffectiveness, his ineffective assistance of counsel claim is denied.

### 2. Reasonableness of Counsel's Representation

To prove a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Knowles, 129 S. Ct. at 1420. A petitioner may rebut this presumption only by demonstrating that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

Even if Petitioner could establish prejudice resulting from his trial counsel's purported failure to investigate the nature of the drug underlying his conviction, his conclusory allegations are insufficient to overcome the presumption that counsel's conduct was reasonable. See Knowles, 129 S. Ct. at 1420; see also Purdy v. Zeldes, 337 F.3d 253, 259 (2d Cir. 2003) ("[I]n most circumstances, a convicted felon's self-serving testimony is not likely to be credible."); Torres-Cuesta v. United States, 09 CV 91, 2010 WL 3928588 at *4 (E.D.N.Y. 2010) ("Because a

convicted defendant will always have a strong incentive to make a prejudice claim after conviction, courts are skeptical of 'self-serving, post-conviction testimony' that but for the counsel's bad advice, the defendant would have pled guilty or gone to trial.") Moreover, Petitioner's allegation that the substances were identified as powder cocaine is directly contradicted by the record indicating that the substances were identified upon analysis as "cocaine base," i.e., crack cocaine. Nassau County Police Department Forensic Evidence Bureau's findings of November 1, 2004.[1] Since counsel's conduct in allowing Petitioner to plead guilty to the cocaine base charges was a reasonable strategic choice based upon the circumstances, Petitioner's ineffective assistance of counsel claim is denied.

III. Certificate of Appealability

As Petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

IV. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is dismissed or, in the alternative, is denied in its entirety, the proceeding is dismissed and a

---

[1] In addition, Petitioner specifically waived his right to challenge the drug type in his plea agreement. Plea at 3.

9

certificate of appealability will not issue.[2] The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* Petitioner at his last known address. Fed. R. Civ. P. 5(b)(2)(C), and to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 24, 2011
       Central Islip, New York

---

[2] In light of this determination, Petitioner's separate applications to compel (Doc. No. 8) and for a certificate of appealability (Doc. No. 13) are denied as moot.